**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division**

| | |
|---|---|
| JAMES H. B., | * |
| | * |
| Plaintiff, | * |
| | *   Civil No. TMD 18-3072 |
| v. | * |
| | * |
| | * |
| ANDREW M. SAUL, | * |
| Commissioner of Social Security, | * |
| | * |
| Defendant.[1] | * |

************

**MEMORANDUM OPINION GRANTING PLAINTIFF'S
<u>ALTERNATIVE MOTION FOR REMAND</u>**

Plaintiff James H. B. seeks judicial review under 42 U.S.C. § 405(g) of a final decision of the Commissioner of Social Security ("Defendant" or the "Commissioner") denying his application for disability insurance benefits under Title II of the Social Security Act. Before the Court are Plaintiff's Motion for Summary Judgment and alternative motion for remand (ECF No. 11), Defendant's Motion for Summary Judgment (ECF No. 16), and "Plaintiff's Reply to Defendant's Motion for Summary Judgment" (ECF No. 17).[2] Plaintiff contends that the administrative record does not contain substantial evidence to support the Commissioner's

---

[1] On June 17, 2019, Andrew M. Saul became the Commissioner of Social Security. He is, therefore, substituted as Defendant in this matter. *See* 42 U.S.C. § 405(g); Fed. R. Civ. P. 25(d).

[2] The Fourth Circuit has noted that, "in social security cases, we often use summary judgment as a procedural means to place the district court in position to fulfill its appellate function, not as a device to avoid nontriable issues under usual Federal Rule of Civil Procedure 56 standards." *Walls v. Barnhart*, 296 F.3d 287, 289 n.2 (4th Cir. 2002). For example, "the denial of summary judgment accompanied by a remand to the Commissioner results in a judgment under sentence four of 42 U.S.C. § 405(g), which is immediately appealable." *Id.*

decision that he is not disabled. No hearing is necessary. L.R. 105.6. For the reasons that follow, Plaintiff's alternative motion for remand (ECF No. 11) is **GRANTED**.

# I

## Background

On April 10, 2018, Administrative Law Judge ("ALJ") F.H. Ayer held a hearing in Washington, D.C., where Plaintiff and a vocational expert ("VE") testified. R. at 31-51. The ALJ thereafter found on April 25, 2018, that Plaintiff was not disabled from his alleged onset date of disability of December 28, 2013, through the date of the ALJ's decision. R. at 10-30. In so finding, the ALJ found that Plaintiff had not engaged in substantial, gainful activity since December 28, 2013, and that he had severe impairments. R. at 15-17. He did not, however, have an impairment or combination of impairments that met or medically equaled the severity of one of the impairments listed in 20 C.F.R. pt. 404, subpt. P, app. 1. R. at 17-18.

The ALJ then found that Plaintiff had the residual functional capacity ("RFC")

> to perform light work as defined in 20 CFR 404.1567(b) except he can stand and/or walk 2 hours in an 8-hour workday; occasionally push and/or pull (including operation of hand and foot controls) with both lower extremities and both upper extremities; occasionally reach in all directions (including overhead) with both upper extremities; occasionally climb ramps and stairs, balance, stoop, squat, kneel, crouch, and crawl; never climb ladders, ropes, and scaffolds; avoid concentrated exposure to extreme cold, fumes, odors, dusts, gases, poor ventilation, etc., and even moderate exposure to hazards (machinery, heights, etc.); and periodically alternate between sifting [sic] and standing at irregular intervals but with the understanding that the person would still be capable of remaining on task sufficiently to maintain satisfactory productivity levels.

R. at 18.[3]  In light of this RFC and the VE's testimony, the ALJ found that Plaintiff could perform his past relevant work as a customer service representative.  R. at 25.  The ALJ thus found that Plaintiff was not disabled from December 28, 2013, through April 25, 2018.  R. at 25.

After the Appeals Council denied Plaintiff's request for review, Plaintiff filed on October 5, 2018, a complaint in this Court seeking review of the Commissioner's decision.  Upon the parties' consent, this case was transferred to a United States Magistrate Judge for final disposition and entry of judgment.  The case then was reassigned to the undersigned.  The parties have briefed the issues, and the matter is now fully submitted.

## II

## Disability Determinations and Burden of Proof

The Social Security Act defines a disability as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months.  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905.  A claimant has a disability when the claimant is "not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists . . . in significant numbers either in the region where such individual lives or in several regions of the country."  42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

---

[3] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. § 404.1567(b). "Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls." *Id.*

To determine whether a claimant has a disability within the meaning of the Social Security Act, the Commissioner follows a five-step sequential evaluation process outlined in the regulations. 20 C.F.R. §§ 404.1520, 416.920; *see Barnhart v. Thomas*, 540 U.S. 20, 24-25, 124 S. Ct. 376, 379-80 (2003). "If at any step a finding of disability or nondisability can be made, the [Commissioner] will not review the claim further." *Thomas*, 540 U.S. at 24, 124 S. Ct. at 379; *see* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant has the burden of production and proof at steps one through four. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S. Ct. 2287, 2294 n.5 (1987); *Radford v. Colvin*, 734 F.3d 288, 291 (4th Cir. 2013).

First, the Commissioner will consider a claimant's work activity. If the claimant is engaged in substantial gainful activity, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).

Second, if the claimant is not engaged in substantial gainful activity, the Commissioner looks to see whether the claimant has a "severe" impairment, i.e., an impairment or combination of impairments that significantly limits the claimant's physical or mental ability to do basic work activities. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995); *see* 20 C.F.R. §§ 404.1520(c), 404.1522(a), 416.920(c), 416.922(a).[4]

Third, if the claimant has a severe impairment, then the Commissioner will consider the medical severity of the impairment. If the impairment meets or equals one of the presumptively disabling impairments listed in the regulations, then the claimant is considered disabled,

---

[4] The ability to do basic work activities is defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. §§ 404.1522(b), 416.922(b). These abilities and aptitudes include (1) physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) capacities for seeing, hearing, and speaking; (3) understanding, carrying out, and remembering simple instructions; (4) use of judgment; (5) responding appropriately to supervision, co-workers, and usual work situations; and (6) dealing with changes in a routine work setting. *Id.* §§ 404.1522(b)(1)-(6), 416.922(b)(1)-(6); *see Yuckert*, 482 U.S. at 141, 107 S. Ct. at 2291.

regardless of age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1520(d), 416.920(a)(4)(iii), 416.920(d); *see Radford*, 734 F.3d at 293.

Fourth, if the claimant's impairment is severe, but it does not meet or equal one of the presumptively disabling impairments, then the Commissioner will assess the claimant's RFC to determine the claimant's "ability to meet the physical, mental, sensory, and other requirements" of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1545(a)(4), 416.920(a)(4)(iv), 416.945(a)(4). RFC is a measurement of the most a claimant can do despite his or her limitations. *Hines v. Barnhart*, 453 F.3d 559, 562 (4th Cir. 2006); *see* 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The claimant is responsible for providing evidence the Commissioner will use to make a finding as to the claimant's RFC, but the Commissioner is responsible for developing the claimant's "complete medical history, including arranging for a consultative examination(s) if necessary, and making every reasonable effort to help [the claimant] get medical reports from [the claimant's] own medical sources." 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). The Commissioner also will consider certain non-medical evidence and other evidence listed in the regulations. *See id.* If a claimant retains the RFC to perform past relevant work, then the claimant is not disabled. *Id.* §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

Fifth, if the claimant's RFC as determined in step four will not allow the claimant to perform past relevant work, then the burden shifts to the Commissioner to prove that there is other work that the claimant can do, given the claimant's RFC as determined at step four, age, education, and work experience. *See Hancock v. Astrue*, 667 F.3d 470, 472-73 (4th Cir. 2012). The Commissioner must prove not only that the claimant's RFC will allow the claimant to make an adjustment to other work, but also that the other work exists in significant numbers in the

national economy.  *See Walls*, 296 F.3d at 290; 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).  If the claimant can make an adjustment to other work that exists in significant numbers in the national economy, then the Commissioner will find that the claimant is not disabled.  If the claimant cannot make an adjustment to other work, then the Commissioner will find that the claimant is disabled.  20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

### III

### Substantial Evidence Standard

The Court reviews an ALJ's decision to determine whether the ALJ applied the correct legal standards and whether the factual findings are supported by substantial evidence.  *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996).  In other words, the issue before the Court "is not whether [Plaintiff] is disabled, but whether the ALJ's finding that [Plaintiff] is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law."  *Id.*  The Court's review is deferential, as "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."  42 U.S.C. § 405(g).  Under this standard, substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion.  *See Hancock*, 667 F.3d at 472; *see also Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971).

In evaluating the evidence in an appeal of a denial of benefits, the court does "not conduct a *de novo* review of the evidence," *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986), or undertake to reweigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner.  *Hancock*, 667 F.3d at 472.  Rather, "[t]he duty to resolve conflicts in the evidence rests with the ALJ, not with a reviewing court."  *Smith v.*

*Chater*, 99 F.3d 635, 638 (4th Cir. 1996). When conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ. *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam).

## IV

### Discussion

Among Plaintiff's arguments is his contention that the ALJ failed to give substantial weight to his 100% disability rating by the Department of Veterans Affairs ("VA") (R. at 289-310). Pl.'s Mem. Supp. Mot. Summ. J. 5-6, ECF No. 11-1. The ALJ gave little weight to the VA determination, stating:

> Pursuant to *Bird vs. Commissioner of Social Security*, 699 F.3d 337 (4th Cir. 2012), the undersigned must give "substantial weight" to the VA disability determination or explicitly detail the reasons for giving it less weight. As the VA found 100 percent service-connected disability, [Plaintiff] should also be found disabled under Social Security regulations if the VA determination is given substantial weight. However, the *Bird* decision acknowledges that the Social Security Administration has its own standards for evaluating a claimant's disability, which are not only different but also, more rigorous from those applied by the VA. Of importance, [Plaintiff's] subjective statements are significantly out of proportion with the objective medical evidence documented in VA records. There are many signs of normal motility and power even in the setting of routine, conservative medical treatment. [Plaintiff's] own activities of daily living, including attending school, fishing, and caretaking for his elderly mother, shows [sic] some ability to perform exertional and non-exertional activities consistent with the above [RFC]. As a result, the undersigned gives little weight to the VA determination in this case.

R. at 24.

"[I]n making a disability determination, the SSA must give substantial weight to a VA disability rating." *Bird v. Comm'r of Soc. Sec. Admin.*, 699 F.3d 337, 343 (4th Cir. 2012). "That is so because 'the purpose and evaluation methodology of' the SSA and VA disability determinations are 'closely related.' Accordingly, 'a disability rating by one of the two agencies is highly relevant to the disability determination of the other agency.'" *Woods v. Berryhill*, 888

F.3d 686, 692 (4th Cir. 2018) (citation omitted) (quoting *Bird*, 699 F.3d at 343). "[A]n ALJ may give less weight to a VA disability rating when the record before the ALJ clearly demonstrates that such a deviation is appropriate." *Bird*, 699 F.3d at 343. To do so, "an ALJ must give 'persuasive, specific, valid reasons for doing so that are supported by the record.'" *Woods*, 888 F.3d at 692 (quoting *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002)). "[T]he ALJ must adequately explain his reasoning; otherwise, [the Court] cannot engage in a meaningful review." *Id.* at 692-93 (citing *Radford*, 734 F.3d at 295).

Here, the VA evaluated and rated Plaintiff's PTSD, a mental impairment, as 100% disabling as of November 18, 2015 (R. at 292-93). Thus, the ALJ's stated reason for giving little weight to the VA's determination because "objective medical evidence documented in VA records" showed "many signs of normal motility and power even in the setting of routine, conservative medical treatment" (R. at 24) is not persuasive, specific, or valid. The ALJ also explained that Plaintiff's "own activities of daily living, including attending school, fishing, and caretaking for his elderly mother," showed "some ability to perform exertional and non-exertional activities consistent with [the ALJ's RFC assessment]." R. at 24. An ALJ, however, "may not consider the *type* of activities a claimant can perform without also considering the *extent* to which [he] can perform them." *Woods*, 888 F.3d at 694. Further, the ALJ "never explained how [the ALJ] concluded—*based on this evidence*—that [Plaintiff] could actually perform the tasks required by" "light work," such as lifting up to 20 pounds at a time and frequently lifting or carrying up to 10 pounds. *Id.*; *see* Social Security Ruling 83-10, 1983 WL 31251, at *5-6 (Jan. 1, 1983).

Defendant argues that, after giving little weight to the VA determination, the ALJ went on to consider the opinions of the other medical sources, which support the ALJ's weight given

to the VA disability rating. Def.'s Mem. Supp. Mot. Summ. J. 11-12, ECF No. 16-1. The ALJ, however, did not cite these reasons for affording little weight to the VA disability rating, so the Court finds the Commissioner's argument to be unavailing. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1225 (9th Cir. 2009) ("Long-standing principles of administrative law require [the Court] to review the ALJ's decision based on the reasoning and factual findings offered by the ALJ—not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking."). "[A] court may not guess at what an agency meant to say, but must instead restrict itself to what the agency actually did say." *Nken v. Holder*, 585 F.3d 818, 822 (4th Cir. 2009). In short, the ALJ "must *both* identify evidence that supports his conclusion *and* 'build an accurate and logical bridge from [that] evidence to his conclusion.'" *Woods*, 888 F.3d at 694 (alteration in original) (quoting *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016)). An ALJ's failure to do so constitutes reversible error. *Lewis v. Berryhill*, 858 F.3d 858, 868 (4th Cir. 2017). The Court thus remands this case for further proceedings.

Because the Court remands on other grounds, it does not reach Plaintiff's arguments regarding the ALJ's findings at steps two and three of the sequential evaluation process, the weight given to opinion evidence, and whether he would be found disabled under 20 C.F.R pt. 404, subpt. P, app. 2 § 201.14. Pl.'s Mem. Supp. Mot. Summ. J. 6-14, ECF No. 11-1. In any event, the ALJ also should address these other deficiencies identified by Plaintiff. *See Tanner v. Comm'r of Soc. Sec.*, 602 F. App'x 95, 98 n.* (4th Cir. 2015) (per curiam) ("The Social Security Administration's Hearings, Appeals, and Litigation Law Manual 'HALLEX' notes that the Appeals Council will vacate the entire prior decision of an administrative law judge upon a court remand, and that the ALJ must consider de novo all pertinent issues."); *Travis X. C. v. Saul*, No. GJH-18-1210, 2019 WL 4597897, at *5 n.5 (D. Md. Sept. 20, 2019) ("In the interest of a

comprehensive review on remand, however, the Court will note that the ALJ does need to explain which evidence he chooses to credit and which evidence he chooses to discredit and why." (citing *Monroe*, 826 F.3d at 189)).

**V**

**Conclusion**

For the reasons stated above, Defendant's Motion for Summary Judgment (ECF No. 16) is **DENIED**.  Plaintiff's Motion for Summary Judgment (ECF No. 11) is **DENIED**.  Plaintiff's alternative motion for remand (ECF No. 11) is **GRANTED**.  Defendant's final decision is **REVERSED** under the fourth sentence of 42 U.S.C. § 405(g).  This matter is **REMANDED** for further proceedings consistent with this opinion.  A separate order will issue.

Date: April 15, 2020                                     /s/
                                                Thomas M. DiGirolamo
                                                United States Magistrate Judge